UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| COREY DUSTIN HARDIMAN, | ) | |
| | ) | Case No. 1:24-cv-230 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| PATRICK MURDOCK, *et al.*, | ) | |
| | ) | |
| *Defendants*. | ) | |

**ORDER**

Plaintiff Corey Dustin Hardiman, an inmate at the Northeast Correctional Complex, initiated this action on July 11, 2024, by filing his complaint (Doc. 2) and a motion for leave to proceed *in forma pauperis* (Doc. 1). On August 2, 2024, United States Magistrate Judge Susan K. Lee entered a report and recommendation, pursuant to 28 U.S.C. § 1915, recommending that: (1) Hardiman's motion for leave to proceed *in forma pauperis* be granted; (2) his claims against Defendants in their official capacities be dismissed; (3) all Fourth Amendment claims based on the search of his personal property and his pretrial detention be dismissed; (4) any malicious prosecution claim based on Tennessee Rule of Criminal Procedure 5, Tennessee Code Annotated § 39-11-707, Tennessee Code Annotated § 40-33-203(e)(1), or any related provision of state law be dismissed without prejudice; (5) his claims against Woodforest National Bank based on violation of the Tennessee Financial Privacy Act be dismissed without prejudice; and (6) he be permitted to proceed on his claims against Investigator Tammy Macdonald and Investigator Patrick Murdock in their individual capacities for violation of his Fifth Amendment right against

self-incrimination. (Doc. 9.) On August 16, 2024, Hardiman filed an objection to Magistrate Judge Lee's report and recommendation, asserting:

1. I, the Plaintiff, hereby object to the Magistrate Judges [sic] findings in relation to his official capacity claims. He asserts that the customs used by the officers violated his rights stated in the complaint.

2. I, the Plaintiff, hereby object to the Magistrate Judges [sic] findings in relation to his Fourth Amendment claim. This is based on the discovery rule. The plaintiff was aware of who was involved in the seizure of his property until the preliminary hearing. Thus the plaintiff did not have a full course of action until his preliminary hearing. Therefore, the statute of limitations should have started on the date of the preliminary hearing.

3. I, the Plaintiff, hereby object to the Magistrate Judges [sic] findings when it comes to his Rule 5 Violation under Tennessee Law. This is not a showing of probable cause hearing but it is the arraignment stage which requires the defendant to be advised of his rights.

(Doc. 10.)

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1). Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the arguments asserted in Plaintiff's earlier motion, which were addressed by the magistrate judge's report and recommendation, the Court may deem those objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Id.* The Sixth Circuit has also explained:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object.").

In this case, Hardiman's objections do nothing more than state disagreements with Magistrate Judge Lee's suggested resolutions. Moreover, the Court has conducted a *de novo* review of Hardiman's allegations, and Magistrate Judge Lee substantively addressed all of Hardiman's objections in her report and recommendation. (*See* Doc. 9, at 10 ("Plaintiff does not allege any facts whatsoever to show his rights were violated as a result of any official policy or custom."; *id*. at 12 ("[I]t appears that Plaintiff was at least aware his personal property was seized and searched at or near the time of the searches."; *id*. at 13 ("Plaintiff's citation to Tennessee Rule of Criminal Procedure 5 does not change the conclusion that any Fourth Amendment claim is not properly before the Court."). The Court agrees with Magistrate Judge Lee's well-reasoned conclusions, and, accordingly, **OVERRULES** Hardiman's objections (Doc. 10) to the report and recommendation and **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 9).

- Hardiman's motion for leave to proceed *in forma pauperis* (Doc. 1) is **GRANTED**;
- Hardiman's claims against Defendants in their official capacities are **DISMISSED WITH PREJUDICE**;
- Hardiman's Fourth Amendment claims based on the search of his personal property and his pretrial detention are **DISMISSED WITH PREJUDICE**;

- Hardiman's malicious prosecution claims based on Tennessee Rule of Criminal Procedure 5, Tennessee Code Annotated § 39-11-707, Tennessee Code Annotated § 40-33-203(e)(1), or any related provision of state law are **DISMISSED WITHOUT PREJUDICE**;

- Hardiman's claims against Woodforest National Bank based on violation of the Tennessee Financial Privacy Act are **DISMISSED WITHOUT PREJUDICE**;

- Hardiman will be permitted to proceed on his claims against Investigator Tammy Macdonald and Investigator Patrick Murdock in their individual capacities for violation of his Fifth Amendment right against self-incrimination.

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**